JONES DAY
Amanda C. Fitzsimmons (SBN 258888)
amandafitzsimmons@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
Telephone: +1.858.314.1200

Rebekah B. Kcehowski (*pro hac forthcoming*)
rbkcehowski@jonesday.com
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: +1.412.391.3939

Attorneys for Defendant
THE SHERWIN-WILLIAMS COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LAIS PEDROSO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SHERWIN-WILLIAMS' NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446, AND 1453**<br><br>State Court Complaint Filed: July 6, 2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant The Sherwin-Williams Company ("Defendant" or "Sherwin-Williams") hereby removes the above-captioned action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1331 and 1441 (Federal Question), and §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA").

In support of removal, Defendant states the following:

## I. <u>PROCEDURAL BACKGROUND AND CLAIMS ASSERTED</u>

1. On July 6, 2026, Plaintiff Lais Pedroso ("Plaintiff") initiated this putative class action entitled *Lais Pedroso, individually and on behalf of all other persons similarly situated, v. The Sherwin-Williams Company and DOES 1 through 100, inclusive*, by filing an unverified complaint against Defendant in the Superior Court of California for the County of Los Angeles, Case No. 26STCV21131 (the "Complaint" or "State Court Action"). A true and correct copy of Plaintiff's Summons, Complaint, and Civil Cover Sheet is attached hereto as **<u>Exhibit A</u>** and is incorporated by reference. Plaintiff effectuated service of the Summons and Complaint on July 13, 2026.

2. The Complaint alleges a laundry list of claims for violations of federal and California law, including the federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.* ("CIPA"); the California Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA"); Invasion of Privacy under the California Constitution; and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). On behalf of putative classes of sherwinwilliams.com users nationwide and in California, and despite prominent notice to users and users' ability to control their own browser and

device privacy settings while using the internet, Plaintiff alleges that Sherwin-Williams violated these laws by allowing "trackers and cookies . . . to be installed on [sherwinwilliams.com] visitors' internet browsers . . . to collect visitors' identifying information . . . subjecting the user to unwanted and intrusive communications by would-be advertisers . . . ." (Compl. ¶¶ 1–5).

3. Plaintiff defines the putative classes in the Complaint as both: "All United States residents who accessed the Website" and "[a]ll California residents who accessed the Website in California" and allegedly "had their identifying information and website behavior data collected . . . without consent and/or despite declining consent." (Compl. ¶ 112).

4. Plaintiff seeks statutory damages of "$5,000 for each [CIPA] violation," "$10,000 for each violation of the Federal Wiretap Act," an "order of restitution and all other forms of equitable monetary relief," injunctive and equitable relief, and reasonable attorneys' fees and expenses. (Compl., Prayer for Relief ¶¶ 4–5, 7–9).

5. Sherwin-Williams denies the allegations set forth in the Complaint and denies that Plaintiff is entitled to any of the relief requested, as a matter of both law and fact—and will vigorously defend itself against these meritless claims—but confines the present inquiry to whether this Court has jurisdiction over this matter for removal purposes while reserving all of its many rights and defenses.

## II. REMOVAL IS TIMELY AND THE STATUTORY PREREQUISITES FOR REMOVAL ARE SATISFIED

### A. This Notice of Removal is Timely Filed

6. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within 30 days after service of the Complaint on Defendant. On July 13, 2026, Plaintiff effectuated service of process of the Summons and Complaint on Sherwin-Williams. A true and correct copy of the Proof of Service

filed by Plaintiff is attached hereto as **Exhibit B**. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).[1]

**B. Defendant Has Satisfied All Procedural Requirements**

7. Removal to this Court under 28 U.S.C. §§ 1441(a) and 1446(a) is proper because the United States District Court for the Central District of California is the federal district for the Superior Court of California for the County of Los Angeles, where the State Court Action was filed. *See* 28 U.S.C. § 84(c).

8. Pursuant to the applicable General Orders of the United States District Court for the Central District of California, intradistrict assignment to the Western Division is appropriate because Plaintiff filed the State Court Action in the Superior Court for the County of Los Angeles, which is within the Western Division. 28 U.S.C. § 84(c)(2). Thus, pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Central District of California, Western Division.

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and documents from the State Court Action are being filed with this Notice of Removal. Defendant is not aware of any process, pleadings, or orders other than those which have been attached hereto as follows:

- Summons, Complaint, Civil Cover Sheet (**Exhibit A**)
- Proof of Service (**Exhibit B**)
- Other State Court Action Orders (**Exhibit C**)

10. Promptly after the filing of this Notice of Removal, Defendant will provide written notice of removal of this action to Plaintiff through her attorneys of record in the State Court Action, and will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California for the County of Los Angeles in the State Court Action, as required by 28 U.S.C.

[1] Sherwin-Williams' deadline to remove is Wednesday, August 12, 2026, thirty days after July 13, 2026. Fed. R. Civ. P. 6(a)(1).

§ 1446(d). A copy of the Notice to the Superior Court (which will be served upon Plaintiff) without the exhibits is attached hereto as **Exhibit D**.

11. Finally, Sherwin-Williams is the only Defendant properly named, joined, and served in this action. Therefore, no consent from any other defendant is required for removal pursuant to 28 U.S.C. § 1446(b)(2)(A). *See also* 28 U.S.C. § 1441(b) (defendants sued under fictitious names disregarded); *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (finding "doe defendants" and unserved defendants need not join removal petition under § 1446(a)).

## III. <u>THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THE ACTION</u>

12. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1331, United States District Courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."

13. Plaintiff's Complaint includes a claim under the federal Wiretap Act, codified at 18 U.S.C. § 2510, *et seq*. (Compl. ¶¶ 134–145), such that the Court has original jurisdiction over the matter. *See also Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir. 1986) (internal citation omitted) ("An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law.").

14. 28 U.S.C. § 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." State law claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding" so that all claims

"form part of the 'same case or controversy' for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

15. Here, Plaintiff's non-federal claims each derive from the same common nucleus of operative fact underlying her federal claim—the alleged installation of online technologies and cookies on sherwinwilliams.com that supposedly collected and shared Plaintiff's information without consent—as demonstrated by, among other things, Plaintiff's incorporation of all factual allegations in the Complaint into the federal claim as well as the state law claims against Defendant. (*See* Compl. ¶¶ 121 (Count I), 134 (Count II), 146, (Count III), 167 (Count IV), 177 (Count V)).

16. Thus, Plaintiff's remaining state law causes of action—claims under CIPA, the CDAFA, Invasion of Privacy under the California Constitution, and California's UCL—are each grounded in the same case and controversy as Plaintiff's federal Wiretap Act claim.

17. Accordingly, for removal purposes, the Court can and should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

## IV. REMOVAL IS ALSO PROPER UNDER CAFA

18. Defendant also removes the State Court Action pursuant to CAFA, codified at 28 U.S.C. § 1332(d). Plaintiff's Complaint alleges facts sufficient to support this Court's subject matter jurisdiction under CAFA. Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. CAFA vests federal courts with original jurisdiction over class actions where the parties are minimally diverse, the proposed class consists of at least 100 members, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). CAFA's requirements are satisfied here.

19. As the Ninth Circuit has recognized: "[N]o antiremoval presumption attends cases invoking CAFA." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 87 (2014)). Indeed, "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

**A. <u>Minimal Diversity Exists</u>**

20. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

21. The Parties are minimally diverse here. Plaintiff, an individual, is a citizen of the state where she resides. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that she is a resident and citizen of California. (Compl. ¶ 6).

22. A corporation such as Sherwin-Williams is deemed to be a citizen in the states "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As Plaintiff alleges, Sherwin-Williams is an Ohio corporation with its principal place of business in Cleveland, Ohio. (Compl. ¶ 7). Sherwin-Williams is thus a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

23. Accordingly, CAFA's diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A). Further, because Sherwin-Williams is the sole named Defendant in the State Court Action, the exceptions listed in 28 U.S.C. § 1332(d)(4)(A)–(B) do not apply. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

**B. <u>The Number of Proposed Class Members Is At Least 100</u>**

24. CAFA states that a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff brings her claim "on their own

behalf and on behalf of all other persons similarly situated," and the Complaint defines the "putative class" that Plaintiff seeks to represent. (Compl. ¶ 112).

25. Specifically, Plaintiff defined the at-issue classes to include:

> **<u>Nationwide Class</u>**
>
> All United States residents who accessed the Website and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent two years prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement (hereinafter the "Class").
>
> **<u>California subclass</u>**
>
> All California residents who accessed the Website in California and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent one year prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement (hereinafter the "Subclass").

(Compl. ¶ 112).

26. These allegations demonstrate that the State Court Action is a putative class action under CAFA. Additionally, accepting Plaintiff's allegations as true for the sole purpose of this Notice of Removal, the number of proposed class members reasonably and plausibly exceeds the 100-member threshold needed under CAFA because sherwinwilliams.com has more than 100 visitors each year.

### C. <u>Amount in Controversy Exceeds $5 Million</u>

27. While Sherwin-Williams denies the allegations and maintains that neither Plaintiff nor any putative class member has suffered any cognizable injury, the alleged amount in controversy here, exclusive of interest and costs, exceeds $5 million. 28 U.S.C. § 1332(d)(2).

28. As the Supreme Court explained in *Dart Cherokee*, a removing defendant needs only offer a "short and plain statement of the grounds for removal." 574 U.S. at 87. In fact, "by borrowing the familiar 'short and plain statement' standard from Rule 8(a), [Congress] intended to 'simplify the "pleading"

requirements for removal' and to clarify that courts should 'apply the same liberal rules to removal allegations that are applied to other matters of pleading.'" *Id.* (internal citations omitted). Therefore, "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra*, 775 F.3d at 1197 (citation omitted).

29. In determining the amount in controversy, "[a] defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (citation omitted). Where a complaint seeks statutory damages on a class-wide basis, the amount in controversy is measured by the total amount put in dispute by the complaint's allegations, not by the defendant's ultimate liability. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (stating the amount in controversy reflects the maximum relief plaintiff could reasonably recover).

30. Plaintiff alleges that the members of the putative class are "so numerous that joinder of all members is impracticable." (Compl. ¶ 114). Plaintiff's putative nationwide class encompasses every United States resident who accessed a commercially operated, nationally accessible website over a two-year period. (Compl. ¶ 112). The alleged recovery of this "Nationwide Class" is $10,000 in statutory damages for each violation of the federal Wiretap Act. (Compl. ¶¶ 112, Prayer for Relief ¶ 5). This requested recovery makes the amount in controversy more than $5 million.

31. The Complaint also seeks statutory damages for Plaintiff and the California subclass including "$5,000 for each violation of CIPA section 631 and 638.51(a)" and "$10,000 for each violation of the Federal Wiretap Act." (Compl., Prayer for Relief ¶¶ 4–5). At $5,000 and $10,000 per violation in statutory damages

for each individual within the California subclass, the amount placed in controversy by the Complaint exceeds $5 million.

32. In addition, the amount in controversy for removal under CAFA includes damages (compensatory, punitive, or otherwise) as well as "the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Plaintiff seeks attorneys' fees pursuant to statute, including 18 U.S.C. § 2520, California Penal Code section 502(e)(2), and California Code of Civil Procedure section 1021.5. (Compl. ¶¶ 145, 166, 184; Prayer for Relief ¶ 9). Plaintiff also seeks sweeping injunctive relief including court-ordered removal, blocking, and destruction of code, software, hardware, systems, and data (Prayer for Relief ¶ 8), which further adds to the amount in controversy. *Fritsch*, 899 F.3d at 793.

33. Given the Complaint's allegations of numerous class members, multi-year class periods, per-visitor and per-violation statutory damages of $5,000 and $10,000, recoverable attorneys' fees, and the cost of complying with the requested injunction, the aggregate amount placed in controversy plausibly exceeds $5 million. Accordingly, while Sherwin-Williams denies the Complaint's allegations and denies that Plaintiff or the alleged classes are entitled to any relief at all, the amount in controversy requirement under CAFA is satisfied.

## V. <u>NON-WAIVER OF DEFENSES</u>

34. By removing this action, Sherwin-Williams does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that either Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Sherwin-Williams concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative classes. Sherwin-Williams instead expressly reserves its rights to assert any and all defenses, exceptions, and objections available to it,

including but not limited to the mandatory arbitration of the claims or disputes, class certification challenges, and defenses available under Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise.

35. Sherwin-Williams reserves the right to amend or supplement this Notice of Removal as may be necessary or appropriate.

## VI. <u>CONCLUSION</u>

36. For the foregoing reasons, this action is properly removed to this Court. Defendant respectfully requests that this action be removed from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

Dated: August 11, 2026

Respectfully submitted,

JONES DAY

By: *s/ Amanda C. Fitzsimmons*
Amanda C. Fitzsimmons
Rebekah B. Kcehowski (*pro hac forthcoming*)

*Attorneys for Defendant*
*The Sherwin-Williams Company*

**EXHIBITS**

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| A | Summons, Complaint, and Civil Cover Sheet | 13-54 |
| B | Proof of Service | 55-57 |
| C | Other State Action Orders | 58-73 |
| D | Notice of Removal | 74-76 |